UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                                       )
ROBERT K. JIMENEZ,                )
                                                       )
        Plaintiff,                   )
                                                       )     Civil Action No. 14-10311-MLW
                   v.                    )
                                                       )
BENNY'S, INC., et al.,             )
                                                       )
        Defendants.           )
_____)

REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS
[Docket No. 14]

January 22, 2015

Boal, M.J.

      Plaintiff Robert K. Jimenez alleges that he was injured when a bicycle he purchased from one of defendant Benny's, Inc.'s department stores malfunctioned, causing him to lose control and crash. Amended Complaint (Docket No. 9-3) ("AC") at ¶¶ 8, 9. He also alleges that the bicycle was imported and/or distributed by defendant Kent International, Inc. AC ¶ 8. Jimenez' Amended Complaint contains three counts: negligence as to Benny's (Count I); res ipsa loquitor as to Benny's (Count II); and negligence as to Kent International (Count III). Benny's has moved to dismiss Count II of the Amended Complaint. Docket No. 14.[1] For the following reasons, this Court recommends that the District Court grant Benny's motion.

      "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] On January 5, 2015, the District Court referred this case to the undersigned for full pretrial management, including dispositive motions. Docket No. 20.

accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Furthermore, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Decotiis v. Whittemore, 635 F.3d 22, 28-29 (1st Cir. 2011) (citation omitted). While the court must accept as true all of the factual allegations contained in the complaint, that doctrine is not applicable to legal conclusions. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.; see also Sanchez v. Pereira-Castillo, 590 F.3d 31, 48 (1st Cir. 2009) ("In other words, a plaintiff must offer 'more than an unadorned, the-defendant-unlawfully-harmed-me accusation,' in order to claim a 'plausible entitlement to relief.'") (citations omitted). Accordingly, a complaint does not state a claim for relief where the well-pleaded facts fail to warrant an inference of any more than the mere possibility of misconduct. Iqbal, 556 U.S. at 679.

Count II of the Complaint asserts a claim for res ipsa loquitor against Benny's. The doctrine of res ipsa loquitor, however, "merely permits a trier a fact to draw an inference of negligence when certain conditions are met." Tillson v. Odyssey Cruises, No. 08-10997-DPW, 2011 WL 309660, at *5 (D. Mass. Jan. 27, 2011) (citations omitted). Therefore, it is "viewed as a theory of *evidence*, rather than as an independent grounds for *liability*." Id. at *6 (citation

omitted; emphasis in original); see also Hofer v. The Gap, Inc., 516 F. Supp. 2d 161, 172 n. 12 (D. Mass. 2007) (citations omitted) (res ipsa loquitor "is not a separate cause of action that must be specifically set out in the pleadings, but rather a means by which a jury may infer negligence through the occurrence of an unusual event."); Ab Initio Software Corp. v. Inchingolo, No. 06-10922-RWZ, 2007 WL 534452, at *2 (D. Mass. Feb. 16, 2007) (citation omitted) (res ipsa loquitor "is not an independent cause of action; it is a mode of inferential reasoning applied when all causes of harm have been excluded.").[2] Thus, Count II is subject to dismissal.

Jimenez argues that the view that res ipsa loquitor is a theory of evidence rather than an independent cause of action "is not universal with the Commonwealth of Massachusetts." Docket No. 24 at 1. Jimenez, however, has not cited any authority to support his argument. The only case cited by plaintiff, Curry v. Univ. of Mass Medical Center, 2008-MBAR-174, 030830B (Mass. Super. March 10, 2008),[3] does not discuss the doctrine of res ipsa loquitor at all. It simply notes that the complaint in that case contained a count for res ipsa loquitor.

---

[2] None of the parties have raised the substantive law of any jurisdiction other than Massachusetts. Given that the parties did not raise a conflict-of-laws issue, it is deemed that none exists. Williams v. Astra USA, Inc., 68 F. Supp. 2d 29, 36 (D. Mass. 1999); see also Doricent v. Am. Airlines, Inc., No. 91-12084Y, 1993 WL 437670, at *8 (D. Mass. Oct. 19, 1993).

[3] Jimenez attached this case as Exhibit A to his opposition to Benny's motion to dismiss. Docket No. 24 at 3-6.

Accordingly, this Court recommends that the District Judge assigned to this case dismiss Count II of the Amended Complaint.[4]

        /s/ Jennifer C. Boal
        JENNIFER C. BOAL
        UNITED STATES MAGISTRATE JUDGE

---

[4] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).